IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
(Panama City Division)

| | | |
|---|---|---|
| RED MOUNTAIN BANK, N. A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| TOP SHELF STORAGE II, LLC, | ) | |
| LEE A. SAGE | ) | |
| and UNKNOWN PERSON OR | ) | |
| ENTITY IN POSSESSION OF | ) | |
| 105 ESTES PLACE, BAY COUNTY, | ) | |
| FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

For its complaint against the defendants Top Shelf Storage II, LLC ("Borrower") and Lee A. Sage (the "Guarantor"; and together with the Borrower, the "Obligors"), and unknown person or entity in possession of 105 Estes Place, Bay County, Florida, plaintiff Red Mountain Bank, N. A., a national banking association ("Lender"), states the following:

### PARTIES

1. The Lender is a national banking association having its principal place of business, including its main office, in Birmingham, Jefferson County, Alabama.

2. The Borrower is a Florida limited liability company having its principal place of business in Panama City, Bay County, Florida.

3. Sage is an individual resident of Rosemary Beach, Walton County, Florida.

4. Defendant, unknown person or entity in possession of 105 Estes Place, Bay County, Florida may claim an interest in the Real Property, as defined below, but such interest is

junior to the rights of the Lender, and it is named herein solely for the purpose of foreclosing their interests in the Real Property.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1), there being complete diversity of citizenship among the parties and the amount in controversy, as set forth below, exceeds $75,000, exclusive of interest and costs.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to the claims herein occurred, and all of the property that is the subject matter of the secured loan transactions at issue in this proceeding is located, in Panama City, Florida, which is in the Northern District of Florida.

## FACTUAL BACKGROUND

7. On or about October 9, 2007, the Borrower executed that certain Promissory Note in the principal amount of $2,365,000.00 in favor of the Lender (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A and incorporated herein by reference.

8. The Note is secured by, *inter alia*, by the Borrower's pledge of its interest in certain real property located in Bay County, Florida (the "Real Property"), as well as the rents and leases associated with the Real Property and other collateral of the Borrower ("Collateral"), pursuant to (i) that certain Mortgage and Security Agreement dated October 9, 2007 executed by the Borrower in favor of the Lender and recorded on October 17, 2007 with the Clerk of Court of Bay County, Florida (the "Clerk of Court") as Book 2985, Page 1854 (the "Mortgage"), a true and correct copy of the Mortgage is attached hereto as Exhibit B, (ii) that certain Assignment of Rents and Leases dated October 9, 2007 executed by the Borrower in favor of the Lender and recorded on October 17, 2007 with the Clerk of Court as Book 2985, Page 1865 (the "ARL"), a

true and correct copy of the ALR is attached hereto as <u>Exhibit C</u>, (iii) that certain UCC-1 Financing Statement recorded with the Clerk of Court as Book 2985, 1872 and Book 3100, Page 1821 ("County Financing Statement"), a true and correct copy of the County Financing Statement is attached hereto as <u>Exhibit D</u>, and (iv) that certain UCC-1 Financing Statement recorded with the Florida Secretary of State as 200706745599 ("State Financing Statement"), a true and correct State Financing Statement is attached hereto as <u>Exhibit E</u>.

9. The Real Property encumbered by the Mortgage was owned by the Borrower at the time the Mortgage was executed and delivered to Lender and is still owned by and in the possession of the Borrower or tenants of the Borrower.

10. In order to further secure the Borrower's obligations to the Lender under the Loans, the Guarantor executed and delivered to the Lender a Guaranty Agreement dated October 9, 2007 (the "Guaranty Agreement"). Collectively, the Note, Mortgage, Guaranty Agreement and all other documents evidencing, governing, guarantying, securing or otherwise relating to the Note or any of the obligations to the Lender owed by the Obligors, as the same may from time to time be amended, consolidated, renewed, restated or replaced, are hereinafter referred to as the "Loan Documents". A true and correct copy of the Guaranty Agreements is attached hereto as <u>Exhibit F</u> and incorporated herein by reference.

11. The Borrower defaulted under the Loan Documents by, *inter alia*, failing to make payments when and as due under the terms of the Loan Documents (collectively, the "Existing Defaults").

12. As of April 12, 2010, the total amount owed under the Note was $2,295,310.98, comprised of a principal balance of $2,159,593.51, accrued interest of $123,593.51 and late charges of $11,812.95, plus all costs incurred in connection with repairing and securing the

subject property, plus any amounts advanced for ad valorem taxes or insurance on the subject property, and title search expenses for ascertaining the necessary parties to this action (collectively, all principal, accruing interest, late charges and additional costs under the Note shall hereinafter be referred to as the "Indebtedness").

13. In addition, pursuant to the Loan Documents, the Borrower is obligated to reimburse the Lender for costs and expenses incurred by the Lender in connection with the Borrower's obligations to the Lender, including without limitation, attorneys' fees and other costs of collection, and costs of insuring, protecting, maintaining or disposing of the Collateral (together with the Indebtedness, the "Obligations").

## COUNT I – MORTGAGE FORECLOSURE

14. The Lender restates and realleges each of the allegations of the foregoing paragraphs 1 through 13 of the Complaint, as if fully set forth herein.

15. This is an action to foreclose a mortgage lien and security interest in Real and Personal Property located in Bay County, Florida.

16. The Real and Personal Property is currently owned by the Borrower who holds possession or whose tenants hold possession.

17. The Note has been accelerated based upon the Borrower's payment defaults, making all amounts owed thereunder immediate due and payable in full.

18. After all payments and credits, the Obligations of the Borrower total $2,295,310.98 as of April 12, 2010, excessive of fees and costs, including without limitation of attorneys fees. Interests and costs continue to accrue.

19. The Borrower has not paid the Obligations upon demand. The failure and refusal of the Borrower to pay the Obligations upon acceleration and demand for payment constitutes a breach under the terms and conditions of the Note.

20. The Lender has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. The Borrower is liable unto the Lender for payment of a reasonable attorneys' fee pursuant to the terms and conditions of the Loan Documents.

21. All conditions precedent to the bringing of this action have occurred or have been waived by the Borrower.

22. The terms of Exhibit C provide for an assignment of rents arising from the real property that is subject of this action as security for repayment of the obligation evidenced by Exhibit A. The real property is rental property and Borrower has various lease agreements with unknown parties who are obligated to and are, in fact, paying rents, none of which is being paid to Lender. Lender demands that all rents arising from the subject property be paid over to Lender.

WHEREFORE, pursuant to Florida Statutes §697.07, Lender requests that the Court require Borrower, and all persons acting on its behalf, to deposit all rents currently being held or arising hereafter from the subject property into the registry of the Court or to be applied pursuant to Florida Statutes §697.07(4) pending a final adjudication of Lender's rights to the rents. Lender demands judgment foreclosing its mortgage and security interest liens as described above, and, if the proceeds of the sale are insufficient to pay the Obligations owed to the Lender, a deficiency judgment, and for such other and further relief as the Court deems just and proper.

## COUNT II – APPOINTMENT OF RECEIVER

23. The Lender restates and realleges each of the allegations of the foregoing paragraphs 1 through 13 of the Complaint, as if fully set forth herein.

24. Pursuant to the terms of the Mortgage, upon an event of default the Lender is entitled, as a matter of strict right, *inter alia*, to the appointment of a receiver to take possession of the Real Property, to operate the Real Property, to collect the rents, income and profits therefrom, and to take such other steps as are necessary to preserve and protect such Real Property.

25. The Borrower has defaulted under the terms and conditions of the Loan Documents by, *inter alia*, failing to make payments when and as due.

26. Without the appointment of a Receiver, the Lender will be injured irreparably. The Receiver will insure that revenue derived from the Real Property will be applied to the outstanding Obligations owed to the Lender.

WHEREFORE, Borrower requests this Court to appoint a Receiver to take control and possession over the Real Property with authorization to collect all rental and other income from the Real Property, to pay all reasonable operating expenses, to enter into leases and to take such other steps that are necessary to maintain, preserve and protect the Real Property, and for such other and further relief as the Court deems just and proper.

## COUNT III – BREACH OF CONTRACT
### (Note)

27. The Lender restates and realleges each of the allegations of the foregoing paragraphs 1 - 2 and 5 through 13 of the Complaint, as if fully set forth herein.

28. The Note has been accelerated based upon the Borrower's payment defaults, making all amounts owed thereunder immediate due and payable in full.

29. After all payments and credits, the Obligations of the Borrower total $2,295,310.98 as of April 12, 2010, excessive of fees and costs, including without limitation of attorneys fees. Interests and costs continue to accrue.

30. The Borrower has not paid the Obligations upon demand. The failure and refusal of the Borrower to pay the Obligations upon acceleration and demand for payment constitutes a breach under the terms and conditions of the Note.

31. The Lender has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. The Borrower is liable unto the Lender for payment of a reasonable attorneys' fee pursuant to the terms and conditions of the Loan Documents.

32. All conditions precedent to the bringing of this action have occurred or have been waived by the Borrower.

WHEREFORE, the Lender respectfully requests that this Court enter judgment against the Borrower for breach of contract under the Note for the Obligations in the amount of $2,295,310.98, plus accruing interest, plus accrued and accruing fees and costs, including without limitation attorneys' fees and expenses, and for such other and further relief as the Court deems just and proper.

### COUNT IV – BREACH OF CONTRACT
### (Guaranty of Lee A. Sage)

33. The Lender restates and realleges each of the allegations of the foregoing paragraphs 1 – 3, 5 through 13 of the Complaint, as if fully set forth herein.

34. Based on the acceleration of the Note, the Obligations are due and payable in full.

35. Pursuant to his Guaranty Agreement, Guarantor is obligated to pay to the Lender the Obligations.

36. The failure of Guarantor to pay the Obligations upon demand by the Lender constitutes a breach of Guaranty.

37. The Lender has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services in this matter. Guarantor is liable unto Lender for payment of a reasonable attorneys' fee pursuant to the terms and conditions of the Loan Documents.

38. All conditions precedent to the bringing of this action have occurred or have been waived by Guarantor.

WHEREFORE, the Lender respectfully requests that this Court enter judgment against the Guarantor for breach of contract under his Guaranty Agreement for the Obligations in the amount of $2,295,310.98, plus accruing interest, plus accrued and accruing fees and costs, including without limitation attorneys' fees and expenses, and for such other and further relief as the Court deems just and proper.

Dated this 5th day of May, 20010.

/s/ Megan E. Fortson
**SCOTT A. REMINGTON**
Florida Bar No. 122483
**MEGAN E. FORTSON**
Florida Bar No. 0058608
Clark, Partington, Hart, Larry,
Bond & Stackhouse
Suite 800, 125 West Romana Street
P. O. Box 13010
Pensacola, Florida 32591-3010
(850) 434-9200

## VERIFICATION OF COMPLAINT BY
## RED MOUNTAIN BANK, N.A., AGAINST
## TOP SHELF STORAGE II, LLC and LEE A. SAGE

STATE OF ALABAMA
COUNTY OF JEFFERSON

    Before me, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared CARL M. FERRIS, who, after being first duly sworn, deposes and says that he is a Special Assets Officer and Senior Vice President of Red Mountain Bank, N.A., and that, in such capacity, he has authority to make this verification on behalf of Plaintiff; that the affiant, in his capacity as Special Assets Officer and Senior Vice President, has access to and control over the books and records kept and maintained by Plaintiff in regard to the loan documents described in the foregoing Verified Complaint; that the affiant has read the foregoing Verified Complaint, and states that the facts and matters alleged and contained therein are true and correct as of the date of filing; and that the affiant has made this affidavit either upon his own personal knowledge of the facts involved or based upon the books and records customarily kept and maintained by Plaintiff as alleged in the Verified Complaint filed by Plaintiff.

_____
CARL M. FERRIS

    The foregoing instrument was sworn to and acknowledged before me this _3_ day of May, 2010, by CARL M. FERRIS, who is the Special Assets Officer and Senior Vice President of Red Mountain Bank, N.A., who is personally known to me or has produced ___N/A___ as identification.

_____
Notary Public
NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: May 28, 2013
BONDED THRU NOTARY PUBLIC UNDERWRITERS

[seal]