IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
(Panama City Division)

| | | |
|---|---|---|
| RED MOUNTAIN BANK, N. A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| TOP SHELF STORAGE II, LLC, | ) | |
| LEE A. SAGE | ) | |
| and UNKNOWN PERSON OR | ) | |
| ENTITY IN POSSESSION OF | ) | |
| 105 ESTES PLACE, BAY COUNTY, | ) | |
| FLORIDA, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Plaintiff, RED MOUNTAIN BANK, N.A., by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 53, files this motion for an order appointing special master to conduct foreclosure sale and states:

(1)   Plaintiff has filed a Verified Complaint in the above-styled case alleging a cause of action to foreclose a mortgage lien against non-residential real property located in Bay County, Florida and a motion for order to show cause why final judgment of foreclosure should not be entered. *See* §702.10(1), *Florida Statutes* (2009); *see also Caple v. Tuttle's Design-Build, Inc.*, 753 So. 2d 49 (2000).

(2)   In the event a final judgment of foreclosure is entered in the above-styled case, Plaintiff seeks the appointment of the Bay County Clerk of Court as special master to conduct the sale of the subject property.

(3) A Court may appoint a special master pursuant to Fed. R. Civ. P. 53 if appointment is warranted by some exceptional condition or to address post-trial matters that cannot be effectively and timely addressed by a judge of the district. *See* Fed. R. Civ. P. 53(B). Furthermore, the S.D. Ohio has recently adopted a general order appointing special masters to carry out foreclosure sales. A copy of General Order No. 07-03, S.D. Ohio (Feb. 2007) is attached hereto. Additionally, in lien-theory states, such as Florida, the statute setting the marshal's commission is continually subject to interpretation. *See* 28 U.S.C. § 1921; *Travelers Insurance Co. v. M.T. Lawrence*, 509 F.2d 83 (9th Cir. 1974) (declining to apply the percentage formula for calculating marshal's commissions to the sales of land pursuant to final judgments of foreclosure because doing so would render the federal courts an economically unacceptable forum foreclosure proceedings) *but see United States v. Petty Motor Company*, 767 F.2d 712 (10th Cir. 1985) (providing that marshal was entitled to commission for sale of real property by foreclosure where services of the marshal rendered amounted to levy and seizure of property even though credit bid was accepted at the sale and there was no actual cash transfer). The U.S. Marshal has indicated that they will assess a commission pursuant to 28 U.S.C. § 1921 in the instant matter for their services related to conducting a foreclosure sale.

(4) All parties to this action have an interest in having the foreclosure sale conducted for a known and ascertainable fee. The Bay County Clerk of Court has agreed to serve as special master for a flat fee of $500.00 and will execute an affidavit in the form attached hereto prior to entry of final judgment by this Court. Such arrangement reduces costs to all parties involved as Plaintiff is responsible for advancing the costs of the foreclosure sale and Defendants may be ultimately responsible for the costs of the sale advanced by Plaintiff should Plaintiff pursue its rights to a deficiency judgment against Defendants.

(5)    Therefore, it is in the best interest of all parties to reduce the costs of the foreclosure sale by appointing a special master. The proposed procedure the special master will follow is incorporated in the proposed final judgment of foreclosure submitted with the proposed order to show cause why foreclosure should not be entered.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order appointing Bay County Clerk of Court as special master to conduct the foreclosure sale in the above-styled case.

DATED this 5th day of May, 2010.

Respectfully submitted,

/s/ Megan E. Fortson
**MEGAN E. FORTSON**
Florida Bar No. 0058608
Clark, Partington, Hart, Larry,
 Bond & Stackhouse
P.O. Box 13010 (32591-3010)
125 West Romana Street, Suite 800
Pensacola, FL  32502
(850) 434-9200 phone
(850) 432-7340 fax
Attorneys for Plaintiff

{A0649654.DOC }

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN RE: PROCEDURES FOR        )
FORECLOSURE ACTIONS BASED    )
ON DIVERSITY JURISDICTION    )

### GENERAL ORDER NO. 07-03

In light of the increased number of foreclosure actions expected to be filed in this District, the Court adopts the following uniform procedures for processing all such cases filed on or after February 1, 2007:

I.  **The Complaint and Service**

1.1   The complaint, all accompanying documents, and the filing fee in all foreclosure cases shall be filed electronically using the Court's electronic case filing system. All such documents shall be redacted before filing to comply with the policy of the Judicial Conference of the United States and the E-Government Act of 2002, Pub. L. No. 107-347, as set forth in the Electronic Filing Policies and Procedures Manual for this District.

1.2   The complaint must be accompanied by the following:

1.2.1  Evidence of record title to the subject property (Preliminary Judicial Report), prepared by a title or abstract company, based upon an independent examination and/or search of public records dated not more than thirty (30) days prior to the filing of the complaint.

    **1.2.2**    A written payment history, verified by the plaintiff's affidavit, that the amount in controversy (the delinquent mortgage principal) exceeds the monetary jurisdictional amount of $75,000.00, exclusive of interest, costs, and attorney's fees.

    **1.2.3**    A legible copy of the promissory note and any loan modifications. If no promissory note is attached, an affidavit of lost note or loan modification shall be included.

    **1.2.4**    A full recorded copy of the mortgage, promissory note, and any applicable assignments.

    **1.2.5**    An affidavit documenting that the named plaintiff is the owner and holder of the note and mortgage.

    **1.2.6**    A corporate disclosure statement.

    **1.3**    The complaint must contain a statement pursuant to Fed. R. Civ. P. 8(a) explaining the grounds upon which the Court's jurisdiction depends and specifically stating whether the plaintiff is a federally-chartered national bank, a federally-chartered savings bank, a state-chartered bank, a state-chartered savings bank, or other type of corporation or business association and the plaintiff's principal place of business.

    **1.4**    The plaintiff shall file with the Recorder of the respective county in which the property is located a notice of filing of the foreclosure action in the U.S. District Court.

II. **Default**

2.1 If the defendant property owner or lien holder has not plead or otherwise defended, the plaintiff shall apply to the Clerk for entry of default.

2.2 In accordance with Fed. R. Civ. P. 55, the plaintiff shall file a motion for default judgment and a proposed judgment entry within a reasonable time. The motion must be accompanied by proof of service of the complaint, a proposed judgment entry, an affidavit containing the payment history reflecting the amount owed as of the date of the motion, and an affidavit attesting that the defendant is not incompetent, a minor, or serving in the military.

2.3 Evidence of record title to the subject property (Final Judicial Report), prepared by a title or abstract company and based upon an independent examination and/or search of public records, shall be submitted with the Motion for Default Judgment or Decree in Foreclosure.

2.4 If ordered by the Court, or if requested by a party within fourteen (14) days after the filing of the motion for default judgment, a hearing shall be scheduled, with notice by the Clerk via ordinary mail to all defendants.

III. **Procedures for Foreclosure Sales**

3.0 Pursuant to Fed. R. Civ. P. 69, the procedures for sale on foreclosure shall be in accordance with the practice and procedure in the State of Ohio as provided in Ohio Rev. Code Ch. 2329. The Court finds that the anticipated volume of foreclosure sales constitutes an exceptional condition necessitating the appointment of special masters. Fed. R. Civ. P. 53(a)(1)(B)(I). Therefore, to

3

carry out foreclosure sales, the Court shall appoint special masters under Fed. R. Civ. P. 53 to perform the functions provided for master commissioners in Ohio Rev. Code Ch. 2329. This General Order constitutes notice to the parties, as required by Fed. R. Civ. P. 53(b)(1), of the Court's intention to appoint a special master in these cases. Within eleven (11) days after the filing of the Order of Appointment, any party seeking to exercise the Fed. R. Civ. P. 53(b)(1) opportunity to be heard on the appointment of a special master, shall file such a request with the Court.

3.1   Upon the entry of a judgment, the plaintiff shall electronically file a Motion for an Order of Sale, not later than twenty (20) days after entry of judgment, that will include the address, parcel number, and a legal description of the property. The motion shall be accompanied by a deposit of $1200.00 to cover the estimated costs, including without limitation the costs of the appraisal required by Ohio Rev. Code § 2329.17, the printer's fee provided in Ohio Rev. Code § 2329.38, and the fee for the special master. The Clerk shall deposit these funds in the Court's registry account.

3.2   Upon approval of the Motion for an Order of Sale, the Judicial Officer shall appoint from the Court's approved panel a special master to conduct the sale. The Order of Appointment shall conform to the requirements of Fed. R. Civ. P. 53, and the special master shall perform his or her duties in accordance with that Rule, this General Order, and the Order of Appointment. Because of the anticipated volume of foreclosure sales, the Court finds pursuant to Ohio Rev.

4

Code § 2923.34 that a special reason exists why a county sheriff or the United States Marshal's Office cannot conduct the sale.

3.3 The special master shall order an appraisal of the subject property by three State of Ohio licensed or certified appraisers pursuant to Ohio Rev. Code § 2329.17.

3.4 The special master shall file the appraisal electronically with the Clerk. The appraisal sheet shall include the County Auditor's tax assessed value and the appraisal amount.

3.5 The Clerk shall designate a time and place for the public sale and direct the plaintiff's counsel to prepare the public notice for publication and require the publication to include an accurate description of the property and the appraised value. Pursuant to Ohio Rev. Code §§ 2329.26 and 2329.27. The Clerk shall schedule the sale on the first available date, allowing for publication of the Notice of Sale in a designated newspaper. The Clerk shall select a newspaper of general circulation in the county in which the property is located for the publication in accordance with Ohio Rev. Code § 2329.27. The special master shall approve the proposed publication. The plaintiff is required to file a Certificate of Service with the Clerk indicating that the Notice of Sale was mailed to all parties at their last known address or served electronically through the Courts' electronic filing system.

3.6 Pursuant to Ohio Rev. Code § 2329.39 the special master shall conduct the public sale at the United States Federal Courthouse in which the foreclosure action is pending unless otherwise ordered by the Judicial Officer. The special master shall

accept written bids (on paper or transmitted electronically) if received and acknowledged by the special master prior to sale.

3.7 The sale of the foreclosed property shall require a minimum bid of two-thirds of the appraised value in accordance with Ohio Rev. Code § 2329.20.

3.8 In the event of no minimum bid at the designated public sale and upon the motion of the plaintiff, the special master shall order a new appraisal pursuant to Ohio Rev. Code § 2329.51. Upon motion of the plaintiff, the special master shall order a subsequent sale following the procedures set forth in this Order.

3.9 A deposit, in the form of a cashier's or certified check payable to "Clerk U.S. District Court" of 10% of the successful bid up to a maximum of $10,000.00 must be made immediately to the special master at the time of the sale; however, in the event the successful bidder is the plaintiff, no such deposit shall be required.

3.10 The special master shall file a Notice of Deposit of Foreclosure Sale with the Clerk. The notice shall include the case number, the name of the Judicial Officer, the name and address of the successful bidder, the amount of the sale, and the amount of the deposit. The notice along with the cashier's or certified check shall be filed with the Clerk within one business day of the sale. The Clerk shall deposit said sum in the Court's registry account.

3.11 The special master shall collect the outstanding balance due as a result of the sale paid by cashier's or certified check to "Clerk U.S. District Court" within thirty (30) days from the date of the sale. If the balance is not paid within thirty (30) days, the purchaser may be held in contempt of court by the Judicial Officer. The

special master shall deposit the check along with a Notice of Collection of Foreclosure Sale Proceeds with the Clerk within three (3) business days of collection.

3.12  Upon completion of the foreclosure sale, the plaintiff's counsel shall prepare a proposed Order of Confirmation of Sale and Distribution for signature by the assigned Judicial Officer. The Order of Confirmation of Sale and Distribution shall direct the Clerk to distribute the proceeds of the sale and shall include the name, address, and distribution amount of each payee. In the event the deposit as required by Section 3.1 is insufficient to pay the fees of the appraisers and the special master, the additional costs as certified by the special master shall be paid out of the bid price. The Court will distribute proceeds to lien holders in their proper priority. The Order of Confirmation of Sale and Distribution shall include the Ohio Rev. Code § 2329.34 statement set forth in Section 3.2 herein.

3.13  Upon entry of the Order of Confirmation of Sale and Distribution, the special master shall direct the plaintiff's counsel to prepare the appropriate deed for the sale of the property to the successful bidder pursuant to Ohio Rev. Code § 2329.36. The special master shall sign the deed.

IV.  **Writ of Possession**

4.1  In the event the successful bidder to whom the property has been conveyed by deed is denied possession of the property, the successful bidder may apply for a writ of possession.

4.2  The Clerk shall notify the Marshal of the application for a writ of possession.

  4.3  The Marshal shall have the responsibility to deliver possession of the premises to the successful bidder. The Marshal shall use reasonable procedures to effectuate delivery of possession to the successful bidder and shall certify to the Clerk that delivery has been accomplished.

V. **Special Masters**

  5.1  A special master must have experience with foreclosure proceedings and real estate transactions and have prior experience as a fiduciary.

  5.2  The special master shall be paid a fee of $500.00 per case unless otherwise ordered by a Judicial Officer.

  5.3  Upon selection for appointment in each case, the selected special master shall file with the Court the affidavit regarding disqualification required by Fed. R. Civ. P. 53(b)(3).

VI. **Appraisers**

  6.1  The special master shall select three State of Ohio licensed or certified appraisers for each property in foreclosure. The appraisers must comply with Ohio Rev. Code Ch. 4763 and must reside in the county in which the property is located. If the special master cannot find licensed or certified appraisers who reside in the county in which the property is located, upon application by the special master, the Court may permit the selection of disinterested freeholders who reside in the county in which the property is located to appraise the property in accordance with Ohio Rev. Code § 2329.17.

    6.2    The appraisers must comply with the Uniform Standards of Professional Appraisal Practice.

    6.3    Each appraiser shall be paid a fee of $50.00.

**IT IS SO ORDERED.**

                                                        _/s/ S. Beckwith_
                                            Chief Judge Sandra S. Beckwith
                                            United States District Court