IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**R**ED **M**OUNTAIN **B**ANK**, N. A.,**

    **Plaintiff,**

vs.                                     Case No. 5:10cv104/RS-EMT

TOP SHELF STORAGE II, LLC,
LEE A. SAGE
and UNKNOWN PERSON OR
ENTITY IN POSSESSION OF
105 ESTES PLACE, BAY COUNTY,
FLORIDA,

    **Defendants.**

_____/

### CONSENT FINAL JUDGMENT OF FORECLOSURE

Before me is the Joint Motion for Entry of Consent Final Judgment of Foreclosure (Doc. 48).

    **IT IS ORDERED:**

1.    The Court has jurisdiction over the parties and the subject matter hereof.

2.    Plaintiff, RED MOUNTAIN BANK, N.A., is due $2,159,904.52 as principal, $225,363.67 as interest through December 2, 2010, $11,812.95 as late fees, making a total sum of $2,397,081.14, which amount shall bear interest at the post – judgment interest rate defined by 28 U.S.C. § 1961, from the date of this judgment until paid.

3.    Plaintiff holds a lien for the total sum superior to all claims or estates of Defendants, TOP SHELF STORAGE II, LLC and LEE A. SAGE on the following described real and personal property located in Bay County, Florida:

{A0649657.DOC }

Real Property

Lot 3 of BEACH COMMERCE PARK PH I-B, according to the Plat thereof as recorded in Plat Book 20, Page(s) 42, of the Public Records of Bay County, Florida.

Personal Property

(A)     All structures, buildings, improvements, sewage and utility lines and equipment, appurtenances and fixtures of every nature whatsoever now or hereafter situated in, on, above or under the Property (the "Improvements");

(B)     All building materials, equipment, fixtures and fittings of every kind or character now owned or hereafter acquired by the Debtor for the purpose of being used or useful in the construction of the Improvements located or to be located on the Property, whether such materials, equipment, fixtures and fittings are actually located on or adjacent to the Property or not, and whether in storage or otherwise, wheresoever the same may be located, including without limitation all lumber and lumber products, bricks, building stones and building blocks, sand and cement, roofing material, paint, doors, windows, hardware, nails, wires and wiring, plumbing and plumbing fixtures, sewer lines and pumping stations and fixtures and equipment, heating and air-conditioning equipment and appliances, electrical and gas equipment and appliances, pipes and piping, ornamental and decorative fixtures, furniture, ranges, refrigerators, dishwashers and disposals;

(C)     All fixtures, appliances, machinery, furniture, furnishings, apparatus, equipment and other articles of personal property of any nature whatsoever owned by Debtor now or at any time hereafter and now or hereafter installed in, attached to or situated in or upon the Property or the Improvements, or used or intended to be used in connection with the Property or in the operation, occupancy, use, maintenance or enjoyment of any of the Improvements now or hereafter erected thereon or relating or appertaining thereto, whether or not such personal property is or shall be affixed thereto, including without limitation all furniture, furnishings, apparatus, machinery, motors, elevators, fittings, radiators, ranges, ovens, ice boxes, refrigerators, awnings, shades, screens, blinds, office equipment, carpeting and other furnishings, and all plumbing, heating, lighting, cooking, laundry, ventilating, refrigerating, incinerating, air-conditioning and sprinkler equipment and fixtures and appurtenances thereto; and all proceeds thereof (including without limitation condemnation awards and insurance proceeds), all extensions, betterments and accessions thereto, all renewals and replacements thereof and all articles in substitution therefor, whether or not the same are or shall be attached to the Property or Improvements in any manner; it being mutually agreed that all the aforesaid property shall, so far as permitted by law, be deemed to be fixtures and a part of the Property, and as to the balance of said Property, this Mortgage is hereby deemed to be as well a Security Agreement for the purpose of creating a security interest in said property and securing the Loan for the benefit of Lender;

(D) All easements, rights-of-way, gores of land, vaults, streets, ways, alleys, passages, sewer rights, waters, water courses, water rights and powers, riparian rights, water stock, development rights, air rights, public places, and all estates, rights, titles, interests, privileges, liberties, tenements, hereditaments and appurtenances whatsoever, in any way belonging, relating to or appertaining to the Property, or any part thereof, or which hereafter shall in any way belong, relate or be appurtenant thereto, whether now owned or hereafter acquired by Debtor, and the reversion and reversions and remainder and remainders thereof, and all rents, royalties, issues, profits, revenues and income with respect to the Property (including without limitation all condemnation awards, insurance proceeds, payments under leases and tenancies, sale proceeds, purchase deposits, tenant security deposits, escrow funds, and all proceeds, claims, causes of action and recoveries arising on account of any damage to or taking of, or for any loss or diminution in the value of, the Property or any Improvements, or any part thereof or interest therein), and all the estate, right, title, interest, property, possession, claim and demand whatsoever at law, as well as in equity, of Debtor of, in and to the same; and

(E) All accounts (as presently or hereafter defined in the Uniform Commercial Code), general intangibles, goods, contracts and contract rights relating to the Land, Improvements, and other Mortgaged Property, whether now owned or existing or hereafter created, acquired or arising, including without limitation, all construction contracts, architectural services contracts, management contracts, leasing agent contracts, purchase and sales contracts, put or other option contracts, and all other contracts and agreements relating to the construction of improvements on, or the operation, management and sale of all or any part of the Land, Improvements and other Mortgaged Property;

(F) Any and all licenses, development permits, building permits, utility supply agreements, sewer and water discharge permits and agreements, and other licenses, permits and agreements relating to the use, development, construction, occupancy and operation of the Land and improvements, whether now or hereafter issued or executed, and all modifications, amendments, replacements or re-issuances of the foregoing;

(G) All proceeds, cash or non-cash (including, but not limited to, all inventory, accounts, chattel paper, documents, instruments, tort and insurance proceeds, equipment, fixtures, consumer goods and general intangibles acquired with cash proceeds of any of the property described above) of any of the foregoing types or items of property described in subparagraphs (A) through (G) above.

4. If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this judgment are not paid within the time required by law, the United States Marshal is ordered and directed to sell the property at public sale.

5. Pursuant to Fed. R. Civ. P. 69, the procedures for sale shall be in accordance with the practice and procedure in the State of Florida as provided in Chapter 45, Florida Statutes (2010) except that title shall vest in the purchaser pursuant to a United States Marshal's Deed issued after confirmation of any sale by this Court.

6. Plaintiff is authorized to bid at the sale and any bid by the Plaintiff shall be credited against the indebtedness due the Plaintiff. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the United States Marshal if Plaintiff is not the purchaser of the property at the sale. If Plaintiff is the purchaser at the sale, the United States Marshal shall credit Plaintiff's bid with the total sum of this judgment with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full.

7. Upon sale being made, then the United States Marshal is directed to make a report and accounting of the proceeds realized from the sale, if any, and the bidder, or bidders, at such sale and report the amount of the sale for confirmation. The United States Marshal shall file the report of sale with the Court no later than fifteen (15) days after the sale. Upon the sale being made, the United States Marshal shall retain the proceeds thereof until Order Confirming Sale is entered by the Court.

8. Upon the sale being made of the property and confirmed by this Court, the Court shall direct the United States Marshal to execute a United States Marshal's Deed to the property. At said time, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens are foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.

9. The United States Marshal shall distribute the proceeds of the sale in accordance with the Order Confirming the Sale.

10. On the order confirming sale, the United States Marshal will execute and deliver the United States Marshal's Deed to the purchaser at the sale. Plaintiff shall prepare the United States Marshal's Deed. The purchaser at the sale shall pay for and be responsible for affixing to the United States Marshal's Deed any documentary stamps or taxes imposed upon the recordation of the deed.

11. <u>If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the United States Marshal no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds. If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the United States Marshal within ten (10) days after the sale to see if there is additional money from the foreclosure sale.</u>

12. At any time before the filing of an Order of Confirmation of Sale, Defendants may cure the indebtedness adjudicated due herein and prevent a foreclosure sale by paying the amount of monies specified in this judgment, plus the reasonable expenses of proceeding to foreclosure incurred to the time of the tender, including reasonable attorneys' fees of the Plaintiff. Otherwise, there is no right of redemption.

13. The Court reserves jurisdiction over the parties to adjudicate any liability relative to Counts III and IV of Plaintiff's Verified Complaint and to make such further orders as may be

appropriate, including, but not limited to, an order for the issuance of a writ of assistance should repossession be contested and an order for deficiency judgments.

14. Because this judgment will not fully resolve all issues among the parties – the foreclosure sale and Counts III and IV remain pending – the final judgment of foreclosure will be entered under Federal Rule of Civil Procedure 54(b). The Court expressly determines that there is no just reason for delay and expressly directs the clerk to enter the consent final judgment of foreclosure.

15. Plaintiff's Address: Red Mountain Bank, N.A., 5 Inverness Center Parkway, Birmingham, AL 35242.

**ORDERED** on December 3, 2010.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**